J. S23033/20
J. S23034/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
BASHEER HAIRSTON, : No. 1118 EDA 2019
:
Appellant :

Appeal from the Judgment of Sentence Entered March 13, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009394-2017

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
BASHEER HAIRSTON, : No. 1119 EDA 2019
:
Appellant :

Appeal from the Judgment of Sentence Entered March 13, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009395-2017

BEFORE: NICHOLS, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 17, 2020**

Basheer Hairston appeals from the judgments of sentence entered on

March 13, 2019, by the Court of Common Pleas of Philadelphia County

following his conviction of two counts of recklessly endangering another

person ("REAP") and one count each of possessing an instrument of crime

("PIC") and fleeing or attempting to elude an officer, following a bench trial. The trial court sentenced appellant to an aggregate term of two years' probation. After careful review, we affirm.

The trial court provided the following factual history:

> During the underlying trial, Officer [Vincent] Visco testified that on June 29, 2017 at approximately 12:52 pm, he and his partner, Officer [Antoine] Wesley, were on routine patrol in a marked police vehicle when they observed a silver 2016 BMW 535i sedan with dark tinted windows traveling northbound on Front Street approaching Allegheny Avenue. Officer Visco testified that he and his partner pulled the vehicle over for the allegedly illegal tint, and both officers approached the vehicle with Officer Visco on the driver's side and his partner on the passenger side. Further, Officer Visco testified that the windows of the vehicle were up requiring him to yell three (3) times for them to be lowered, to which [appellant] ultimately complied. Once the windows were lowered, Officer Visco noticed [appellant] was alone in the vehicle, [appellant's] hands were shaking and he was breathing heavily. Officer Visco stated that he asked for [appellant's] license, registration and insurance; [appellant] moved towards the glove box, but instead of going into the glovebox, [appellant] pressed the ignition button twice to start the vehicle. According to Officer Visco, it was after the second push the vehicle started, [appellant] turned the wheel to the right and abruptly accelerated forward at a high rate of speed causing Officer Wesley to step back quickly and requiring Officer Visco to release the door handle. Officer Visco testified that he and his partner began pursuit of [appellant] but were ordered shortly thereafter to terminate their pursuit. Finally, Officer Visco stated that a couple of minutes later he was notified that the vehicle was located by another officer on the 1900 block of West Atlantic Street.

> Next, there was a stipulation between counsels that Officer Avery[1] recovered the vehicle on June 29, 2017 from the aforementioned location. Following this stipulation, Detective [Ryan] Particelli testified, in pertinent parts, that on July 1, 2017 at approximately 11:30 a.m., he executed a search warrant on the recovered vehicle in which multiple letters and other documents containing [appellant's] name and/or address were found on the floor behind the passenger seat.

Trial court opinion, 8/7/19 at 1-2 (citations to the record omitted).

The Commonwealth charged appellant with one count each of manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver, possession of a controlled substance by person not registered, PIC, REAP, and fleeing or attempting to elude an officer[2] at Docket No. CP-51-CR-0009394-2017 ("Docket No. 9394"). The Commonwealth also charged appellant with one count each of PIC, simple assault, and REAP[3] at Docket No. CP-51-CR-0009395-2017 ("Docket No. 9395").

Following a bench trial, the trial court convicted appellant of PIC, REAP, and fleeing or attempting to elude an officer at Docket No. 9394 and REAP at

---

[1] Officer Avery's first name does not appear in the record.

[2] 35 P.S. §§ 780-113(a)(30) and (16), and 18 Pa.C.S.A. §§ 907(a), 2705, and 3733(a), respectively.

[3] 18 Pa.C.S.A. §§ 907(a), 2701(a), and 2705, respectively.

J. S23033/20
J. S23034/20

Docket No. 9395. The trial court subsequently imposed an aggregate sentence of two years' probation.

Appellant filed separate notices of appeal from each judgment of sentence. The trial court ordered appellant to file a concise statement of errors complained of on appeal at each docket number, and appellant timely complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a) addressing the appeals both docket numbers. We have consolidated appellant's two appeals ***sua sponte*** pursuant to Pa.R.A.P. 513.[4]

Appellant raises the following issues for our review:

> [1.] Whether the evidence was sufficient to sustain the conviction of [PIC?]
>
> [2.] Whether the evidence was sufficient to sustain the conviction for [REAP?]

Appellant's brief at Docket No. 9394 at 5 (full capitalization and citation omitted); appellant's brief at Docket No. 9395 at 5 (full capitalization omitted).[5]

Our well-settled standard of review for sufficiency of the evidence claims is as follows:

> As a general matter, our standard of review of sufficiency claims requires that

---

[4] As noted by the trial court, the charges at both docket numbers arise from the same incident. (Notes of testimony, 1/9/19 at 63.)

[5] Appellant and the Commonwealth filed separate briefs for each docket number. In order to differentiate between the briefs, we will use the trial court docket numbers.

we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Franklin***, 69 A.3d 719, 722-723 (Pa.Super. 2013) (internal quotations and citations omitted). Importantly, "the [fact finder], which passes upon the weight and credibility of each witness's testimony, is free to believe all, part, or none of the evidence." ***Commonwealth v. Ramtahal***, [] 33 A.3d 602, 607 ([Pa.] 2011).

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-337 (Pa.Super. 2019).

In his first issue, appellant contends that the Commonwealth failed to prove beyond a reasonable doubt that he is guilty of PIC. (Appellant's brief at Docket No. 9394 at 9.) In order to obtain a conviction of PIC, the Commonwealth must prove, beyond a reasonable doubt, that the defendant possessed an object that is an instrument of crime and that he or she intended to use the object for a criminal purpose. *In re A.V.*, 48 A.3d 1251, 1253 (Pa.Super. 2012), citing *In re A.C.*, 763 A.2d 889, 890 (Pa.Super. 2000); *see also* 18 Pa.C.S.A. § 907(a). "The Crimes Code defines an "instrument of crime" as "(1) [a]nything specially made or specially adapted for criminal use [or] (2) [a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." *In re A.V.*, 48 A.3d at 1253, quoting 18 Pa.C.S.A. § 907. *See also Commonwealth v. Vida*, 715 A.2d 1180, 1183 (Pa.Super. 1998) (recognizing that a car could be considered an instrument of crime).

Here, appellant specifically argues that the Commonwealth failed to introduce any evidence that the car being driven by appellant was "specially made or specially adapted for criminal use." (Appellant's brief at Docket No. 9394 at 9, quoting 18 Pa.C.S.A. § 907(c)(2).) Appellant further argues that, "there was no basis for the conclusion that an automobile is something 'commonly used for criminal purposes.' Therefore, the Commonwealth failed

to prove all of the elements of [PIC] beyond a reasonable doubt." (Appellant's brief at Docket No. 9394 at 12 (citation omitted).)

Appellant's argument misses the mark.[6] When viewing the evidence presented at trial in the light most favorable to the Commonwealth, as the verdict winner, we find that the Commonwealth met its burden in establishing the elements of PIC beyond a reasonable doubt. Indeed, the Commonwealth's evidence establishes that appellant possessed an instrument of crime as defined by the Crimes Code and that appellant intended to use the instrument for a criminal purpose. *See In re A.V.*, 48 A.3d at 1253-1254. Specifically, the record reflects that appellant used his car to flee and elude Officers Visco and Wesley after the officers pulled him over.[7] We, therefore, find that appellant acted with the requisite intent to use the car for a criminal purpose. Accordingly, appellant's first issue is without merit.

In his second issue, appellant contends that the Commonwealth failed to introduce sufficient evidence to warrant a conviction of REAP as it pertains to Officer Visco. (Appellant's brief at Docket No. 9395 at 9.) "A person commits [REAP,] a misdemeanor of the second degree if he recklessly engages

---

[6] The Commonwealth notes that appellant appears to base his argument on an outdated version of the PIC statute. (Commonwealth's brief at Docket No. 9394 at 9-10, citing Act of July 6, 1995, P.L. 238, No. 27, § 1; *Commonwealth v. Magliocco*, 883 A.2d 479, 485-486 (Pa. 2005).)

[7] Appellant conceded that he was guilty of fleeing or attempting to elude an officer. (Notes of testimony, 1/9/19 at 44-45.)

in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705; *see also Commonwealth v. Bullock*, 170 A.3d 1109, 1121 (Pa.Super. 2017), *appeal denied*, 184 A.3d 944 (Pa. 2018). This court has further held as follows:

> The crime of REAP "is a crime of assault which requires the 'creation of danger.'" [*Commonwealth v. Rivera*, 503 A.2d 11, 12 (Pa.Super. 1985) (*en banc*)] (citation omitted). "As such, . . . there must be an 'actual present ability to inflict harm.'" *Id.* (citation omitted). In [*Commonwealth v.*] *Trowbridge*, we explained this risk of actual danger as follows:
>
>> By requiring the creation of danger, we think it is plain under § 2705 that the mere apparent ability to inflict harm is not sufficient. Danger, and not merely the apprehension of danger, must be created. Therefore, we think that § 2705 retains the common law assault requirement of actual present ability to inflict harm. *See also Commonwealth v. Goosby*, [] 380 A.2d 802 ([Pa.Super.] 1977) (where defendant pointed gun and pulled trigger, but one live cartridge in the gun misfired, there is sufficient evidence to convict for recklessly endangering).
>
> [] 395 A.2d [1337,] 1340 [(Pa.Super. 1978)] (citations omitted).

*Commonwealth v. Reynolds*, 835 A.2d 720, 727-728 (Pa.Super. 2003).

Here, appellant specifically argues that the Commonwealth failed to produce sufficient evidence establishing that appellant's conduct placed Officer Visco "in danger of death or serious bodily injury."' (Appellant's brief at Docket No. 9395 at 10.) As noted by appellant, the record reflects that

- 8 -

J. S23033/20
J. S23034/20

Officer Visco's hand was on the car door handle when appellant sharply turned the steering wheel to the right and drove away from the officers. (Notes of testimony, 1/9/19 at 25-26.) Upon viewing the evidence in the light most favorable to the Commonwealth, we find that the Commonwealth has met its burden in this case. Indeed, as noted by the trial court:

> [T]here can be no reasonable doubt that a substantial danger of serious bodily injury was created by [appellant's] conduct, and but for the officers acting as quickly as they did, serious bodily injury or death could have easily resulted. Indeed, [appellant] clearly could not have been sure Officer Visco was going to release the car door or that Officer Wesley was going to get out of the way fast enough to avoid being struck. [Appellant] acted in conscious disregard for what could and probably would have happened to either officer had they not retreated as quickly as they did.

Trial court opinion, 8/7/19 at 6-7. Accordingly, we find that appellant's second issue is without merit.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/20

- 9 -